NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALAWISUCES JACKSON, *Petitioner*.

No. 1 CA-CR 19-0244 PRPC

FILED 4-30-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2014-156357-001 DT
CR2015-000957-001
CR2016-142826-001
CR2017-002912-002
The Honorable Joseph P. Mikitish, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Alawisuces Jackson, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1        Alawisuces Jackson petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 33. *See* Ariz. S. Ct. Order No. R-19-0012 (Aug. 29, 2019). We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Jackson pleaded guilty, in four separate cases, to the following charges: possessing narcotic drugs (cocaine) (CR2014-156357-001); aggravated taking the identity of another (CR2015-000957-001); possessing dangerous drugs for sale (methamphetamine) and misconduct involving weapons (CR2016-142826-001); and conspiring to promote prison contraband (CR2017-002912-002). In accordance with the plea agreements, the superior court sentenced him to concurrent prison terms, the longest being ten years, to be followed by a four-year term of probation after his release.

¶3        Jackson timely petitioned for post-conviction relief, and the superior court appointed counsel to represent him. The court subsequently granted Jackson's request to represent himself, and Jackson filed a *pro se* petition for post-conviction relief. Finding no colorable claims, the court summarily dismissed his petition. Jackson timely seeks review of that decision, which we will not disturb absent an abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016).

¶4        Despite asserting multiple grounds for relief in his underlying petition to the superior court, Jackson asks this court to consider a single issue—whether the superior court lacked jurisdiction to convict or sentence him. Jackson has waived our review of other claims raised in his underlying petition by not including them in his petition for review. *See* Ariz. R. Crim. P. 33.16(c)(4). We conclude the superior court correctly rejected Jackson's remaining claim and therefore find no abuse of discretion.

¶5      Article 4, Section 24 of the Arizona Constitution requires "every bill" passed by the legislature or through the initiative process to include a specified "enacting clause." Jackson contends that the statutes on which his convictions and sentences are based are without force because those statutes, as compiled in the Arizona Revised Statutes, do not include the particular enacting language set forth in the Arizona Constitution.

¶6      Jackson's position is meritless because it does not account for the distinction between bills and statutes. A bill is a "legislative proposal offered for debate before its enactment." *Bill*, Black's Law Dictionary (11th ed. 2019). A statute, on the other hand, is the law actually "enacted" by the legislature. *Statute*, Black's Law Dictionary (11th ed. 2019). While the Arizona Constitution requires that "bills" adopting legislation include specific enacting language, it does not require the same of statutes—i.e., the legislation published after its adoption. Indeed, the director of the Arizona legislative counsel is mandated, when preparing laws for publication, to "[o]mit from the statutes all temporary laws, all titles to acts, *all enacting and repealing clauses*, all declarations of emergency, and all purpose, validity and construction clauses unless, from their nature, it may be necessary to retain some of them to preserve the full meaning and intent of the law." A.R.S. § 41-1304.02(B)(1) (emphasis added).

¶7      Jackson does not dispute that the bills adopting the statutes underlying his convictions and sentences were duly enacted in accordance with Article 4, Section 24 of the Arizona Constitution. Furthermore, A.R.S. § 1-101 "adopt[s] and enact[s]" the Arizona Revised Statutes as designated.

¶8      We therefore grant review but deny relief.

